UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHERYL EBERG, | : | |
| | : | |
| Plaintiff, | | Civ. No. 3:14CV1696(AWT) |
| v. | : | |
| U.S. DEPARTMENT OF DEFENSE, | : | |
| Defendant. | : | JANUARY 16, 2014 |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, the United States Department of Defense (DoD), by and through the United States Attorney for the District of Connecticut, and answers Plaintiff's complaint in the above-styled action as follows:

### First Affirmative Defense

The Court lacks subject matter jurisdiction over the complaint in whole or in part because the Plaintiff failed to exhaust her administrative remedies.

### Second Affirmative Defense

The complaint should be dismissed in whole or in part for failure to state a claim upon which relief may be granted.

### Third Affirmative Defense

Information Plaintiff seeks in her Freedom of Information Act ("FOIA") request is exempt from production under FOIA, 5 U.S.C. §552(b).


## Introduction

The introduction constitutes Plaintiff's characterization of this action and legal contentions or conclusions to which no answer is required. To the extent a response is deemed necessary, the allegations are denied.

## Defendant's Responses to the Numbered Paragraphs

1. The allegations contained in paragraph 1 are Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## Jurisdiction and Venue

2. Paragraph 2 of the Complaint contains Plaintiff's conclusions of law regarding the scope of jurisdiction, to which no response is required.

3. Paragraph 3 of the Complaint contains Plaintiff's conclusions of law regarding proper venue, to which no response is required.

## Parties

4. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 4, and therefore denies the same.

5. Defendant does not contest Plaintiff's averments as to the characterization of the Defendant contained in paragraph 5 and admits that Defendant is one of the agencies of the United States government charged with national security responsibilities.

## Statement of Facts

6. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the first sentence of paragraph 6, and therefore denies the same. Defendant admits that the Plaintiff enlisted in the U.S. Army in 1983. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness

of the remaining allegations contained in the second sentence of paragraph 6, and therefore denies them.

7.     Defendant admits that the Plaintiff's military occupational specialty was satellite/microwave systems operator in 1983. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in the first sentence of paragraph 7, and therefore denies the same. Defendant admits that the Plaintiff did receive an honorable discharge in 1986. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in the second sentence of paragraph 7, and therefore denies the same. Defendant admits the allegations in the third sentence of paragraph 7.

8.     Defendant admits that the Plaintiff enlisted in the Army National Guard in 1990. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 8, and therefore denies the same.

9.     Defendant admits that the Plaintiff was ordered to active duty as a member of her reserve component unit to report to Fort Dix, New Jersey in 2006 in support of Operation Iraqi Freedom. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 9, and therefore denies the same.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 10, and therefore denies the same.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 11, and therefore denies the same.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 12, and therefore denies the same.

13.    Defendant is without knowledge or information sufficient to form a belief as to

the truthfulness of the allegations contained in paragraph 13, and therefore denies the same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 14, and therefore denies the same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the first and second sentences of paragraph 15, and therefore denies the same.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 16, and therefore denies the same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 17, and therefore denies the same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 18, and therefore denies the same.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 19, and therefore denies the same.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 20, and therefore denies the same.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 21, and therefore denies the same.

22.     Defendant admits that the Plaintiff made an Equal Opportunity ("EO") complaint. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 22, and therefore denies the same.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 23, and therefore denies the same.

24.     Defendant is without knowledge or information sufficient to form a belief as to

the truthfulness of the allegations contained in paragraph 24, and therefore denies the same.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 25, and therefore denies the same.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 26, and therefore denies the same.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 27, and therefore denies the same.

28.     Defendant admits that the Plaintiff was discharged from the Army National Guard and assigned to the Retired Reserve in 2011. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 28, and therefore denies the same.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 29, and therefore denies the same.

30.     Defendant denies the allegations in the first sentence of paragraph 30. Defendant admits the allegations in the second sentence of paragraph 30.

31.     Defendant admits the allegations in the first sentence of paragraph 31. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the second sentence of paragraph 31, and therefore denies the same.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 32, and therefore denies the same.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 33, and therefore denies the same.

### Plaintiff's FOIA Request to DoD

34.     Defendant admits that Plaintiff submitted a FOIA request regarding complaints of

sexual assault, Equal Employment Opportunity violations, and sexual harassment filed against Colonel Adams, including the Plaintiff's own 2006-07 complaints, to the Defendant. Defendant denies that Plaintiff submitted the request to nine different offices within the Department of Defense. Defendant admits that Plaintiff requested records related to complaints filed against Colonel Adams by Chris Gutierrez. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in last sentence of paragraph 34 regarding racial discrimination and therefore denies them.

35. Defendant admits the allegations in paragraph 35 of the Complaint.

36. Defendant admits that the Plaintiff submitted letters to the DoD Office of Freedom of Information, DoD Office of the Inspector General, National Guard Bureau, Army Criminal Records Center, and Army Office of the Judge Advocate General. Defendant denies that Plaintiff submitted identical letters to all of the offices listed in paragraph 36. Defendant denies the remaining allegations in paragraph 36.

37. The FOIA request referenced in paragraph 37 speaks for itself and Defendant respectfully refers the Court to the document itself for the full and accurate contents of the referenced request. Defendant admits that a copy of the letter sent to a DoD office is attached as Exhibit A. Defendant denies the remaining allegations in paragraph 37.

38. Defendant admits that the FOIA request was referred to the US Army Pacific Command and to the Connecticut Army National Guard. Defendant denies the remaining allegations in the first sentence of paragraph 38. The allegations contained in the second sentence in paragraph 38 are vague and ambiguous but to the extent a response is required, Defendant denies them.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

42.     The allegations contained in the first sentence in paragraph 42 are vague and ambiguous and therefore incapable of response.  To the extent a response is required, Defendant denies the allegations in the first sentence in paragraph 42.  Defendant denies the allegations in the second sentence of paragraph 42.

43.     Defendant denies the allegations of paragraph 43 and avers the following:

a.  On or about April 25, 2014, Defendant provided a referral letter (to various Federal governmental offices) dated April 25, 2014, to the Plaintiff by the Department of Defense Office of Freedom of Information.

b.  On or about May 2, 2014, Defendant provided a referral letter (to Army National Guard FOIA Office) dated May 2, 2014, to the Plaintiff by the Headquarters, U.S. Army Materiel Command.

c.  On or about May 8, 2014, Defendant provided a "no responsive records found" letter dated May 8, 2014, to the Plaintiff by the U.S. Army Criminal Investigation Command.

d.  On or about May 13, 2014, Defendant provided a referral letter (to Connecticut Army National Guard FOIA Office) dated May 13, 2014, to the Plaintiff by the Headquarters, U.S. Army Materiel Command.

e.  On or about May 20, 2014, Defendant provided a "no responsive records found" letter (along with a copy of the Plaintiff's Army Commendation Medal Certificate from 2007) dated May 20, 2014, to the Plaintiff by the Departments of the Army and the Air Force Joint Force Headquarters, Connecticut National Guard.

f.  On or about May 21, 2014, Defendant provided an interim, partial denial, and referral letter (to Connecticut Army National Guard FOIA Office) dated May 21, 2014, to

the Plaintiff by the Department of Defense Office of the Inspector General.

    g.  On or about July 7, 2014, Defendant provided a second "no responsive records found" letter dated July 7, 2014, to the Plaintiff by the Departments of the Army and the Air Force Joint Force Headquarters, Connecticut National Guard.

    h.  On or about August 11, 2014, Defendant provided a referral (to United States Army Central Command) and "more information needed" letter dated August 11, 2014, to the Plaintiff by the National Guard Bureau.

    i.  On or about August 14, 2014, Defendant provided a referral email (to various Army offices) dated August 14, 2014, to the Plaintiff by the U.S. Army Office of the Judge Advocate General.

    j.  On or about August 21, 2014, Defendant provided a referral letter (to Army Office of the Inspector General) dated August 21, 2014, to the Plaintiff by the Headquarters, U.S. Army Materiel Command.

    k.  On or about August 22, 2014, Defendant provided a "no responsive records found" letter dated August 22, 2014, to the Plaintiff by the U.S. Army Office of the Inspector General.

    l.  On or about September 12, 2014, Defendant provided a "no responsive records found" letter dated September 12, 2014, to the Plaintiff by the U.S. Pacific Command.

    m.  On or about September 12, 2014, Defendant provided a "no responsive records found" letter dated September 12, 2014, to the Plaintiff by the U.S. Army Office of the Deputy Chief of Staff G-1.

    n.  On or about September 15, 2014, Defendant provided a "no responsive records found" letter dated September 15, 2014, to the Plaintiff by the U.S. Army Office of the Inspector General.

o.  On or about September 16, 2014, Defendant provided a "no responsive records found" letter dated September 16, 2014, to the Plaintiff by the U.S. Army Human Resource Command.

p.  On or about October 24, 2014, Defendant provided a referral (to United States Army Central Command) and "more information needed" letter dated October 24, 2014, to the Plaintiff by the National Guard Bureau.

q.  On or about December 8, 2014, the State of Connecticut, Military Department, provided a "no responsive records found" letter dated December 8, 2014, to the Plaintiff by the State of Connecticut, Military Department.

r.  On or about January 9, 2015, Defendant provided a responsive record, consisting of a letter dated January 9, 2015 and enclosed with five pages bearing case #NCT070037, to the Plaintiff by the U.S. Army Office of the Inspector General.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

### First Claim for Relief

46. To the extent Plaintiff re-alleges paragraphs 1–45, Defendant respectfully refers the Court to its responses to the specific preceding paragraphs.

47. Paragraph 47 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies Plaintiff's allegations in this paragraph.

### Second Claim for Relief

48. To the extent Plaintiff re-alleges paragraphs 1–45, Defendant respectfully refers the Court to its responses to paragraphs 1–45.

49. Paragraph 49 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies Plaintiff's allegations in this paragraph.

### Requested Relief

The "WHEREFORE" paragraph, with five subparagraphs, states a request for relief to which no answer is required. To the extent a response is deemed necessary, Defendant denies the allegations and denies that Plaintiff is entitled to the relief requested in subparagraphs one to five, or to any relief whatsoever.

Defendant denies each and every allegation not previously admitted or otherwise qualified.

### Conclusion

THEREFORE, having fully answered, Defendant asserts that Plaintiff is not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and that Defendant be given such other relief as the Court deems just and proper.

Respectfully submitted,

DEFENDANT,
UNITED STATES DEPARTMENT OF DEFENSE

DEIRDRE M. DALY
UNITED STATES ATTORNEY

 */s/ Carolyn A. Ikari*
CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY
450 Main Street, Room 328
Hartford, CT 06103
(860) 760-7953
Fed. Bar No. ct13437

## Certificate of Service

I hereby certify that on January 16, 2015, the foregoing Answer and Affirmative Defenses was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Carolyn A. Ikari*
CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY