# EXHIBIT 1

I. **Within the Connecticut Army National Guard's (CTARNG) recordkeeping systems:**

A. Repeat the searches described in Paragraphs 4, 5, 6 and 10 of SS Clark's 2nd Declaration, dated May 28, 2015, ECF No. 36-6 (hereinafter "Clark 2nd Declaration"), using the search terms "Christopher Gutierrez," "Chris Gutierrez," and "Gutierrez" and any variation of such name.

B. Repeat the searches described in Paragraphs 7, 8, and 9 of Clark's 2nd Declaration. In so doing, the defendant shall:

   1. Provide a copy of the plaintiff's FOIA request to the individuals tasked with searching for responsive records, which may include but are not limited to:

      a. Any readiness noncommissioned officer or human resources officer for the 143rd Combat Sustainment Support Battalion (*see* Clark Dep. at pp. 108-14, 141-43)
      b. Major Garutti, EO officer (Clark Dep. at pp. 115-19; 121-27, 143-46)
      c. Major Maines, SHARP officer (Clark Dep. pp. 120-21; 127-30, 141-46)
      d. Colonel Gilbert, Human Resources Office (Clark Dep. pp. 157-66)
      e. Chief Luther, Health Services (Clark Depo, pages 166-73).

   2. Produce to plaintiff sworn declarations that generally describe the structure of the file system used by the CTARNG Equal Opportunity Office, Human Resources Office, Family Program, Counterdrug Office, Health Services Office, and Contracting Office. Such descriptions shall include:

      a. A list of electronic databases, spreadsheets, folders, network drives or other electronic storage space to which each office has access;
      b. A description of the types of records each database, spreadsheet, folder, network drive or other electronic storage space contains;
      c. A description of the organizational structure for each database, spreadsheet, folder, network drive or other electronic storage space;
      d. A list of physical storage systems, such as filing cabinets, boxes, or other storage system, to which each office has access;
      e. A description of the types of records each physical storage system contains;
      f. A description of the organizational structure (e.g. alphabetical, numerical, etc.) for each physical storage system;
      g. An explanation regarding how each search for responsive records was conducted;
      h. An explanation as to why certain available file systems were searched and why others were not searched.

   3. Use the search terms "Christopher Gutierrez," "Chris Gutierrez," and "Gutierrez" and any other variation of such name, in addition to all previously used search terms;

   4. Use any and all other available search terms not previously used that are necessary to

1

effectuate a search of any file system described in paragraph I.B.2 above in order to locate responsive records. For example, if a file system is only searchable by social security number and not by name, then such system shall be searched using available social security numbers for the individuals identified in the FOIA request.

C.   Conduct a search for responsive records within any electronic communications, including CTARNG or .mil email accounts, of the individuals identified in the plaintiff's FOIA request, including:

   1. Lieutenant Colonel William H. Adams
   2. Cheryl Eberg
   3. Christopher Gutierrez
   4. Regina Grant, a retired Lieutenant who served in the CT National Guard's 143rd Combat Service Support Battalion (143rd CSSB) as the Equal Opportunity Representative (EOR)
   5. Any individual known to have been serving as a SARC or SHARP officer at the time or place of the events described in paragraphs 14 through 27 of plaintiff's complaint in this action.

Such search shall include, for each individual, all email folders, including draft, sent, deleted, and archived email folders. The individual who conducts the search shall be provided a copy of the FOIA request. If any email account of any of these individuals is not searchable by the CTARNG, then defendant shall identify the appropriate sub-agency with control of such email account and shall refer the FOIA request to said sub-agency to search for responsive records consistent with this provision.

## II.   Within the Department of Army Inspector General's (DAIG) recordkeeping systems:

A.   Repeat the search described in Paragraph 8 of Margaret Baines 1st Declaration, dated April 1, 2015, ECF No. 30-6 (hereinafter "Baines 1st Declaration"), where the DAIG Records Release Office emailed the 25th Infantry Division IG Office, the 8th Theater Support Command IG Office, the Hawaii National Guard IG Office, the Army Medical Command, and Robert Faucher of USAIGNET to search for responsive records. In so doing, the defendant shall:

   1. Provide a copy of the plaintiff's FOIA request to the individuals tasked with searching for responsive records;

   2. Produce to plaintiff sworn declarations that generally describe the structure of the file systems used by the 25th Infantry Division IG Office, the 8th Theater Support Command IG Office, the Hawaii National Guard IG Office, the Army Medical Command, and Robert Faucher of USAIGNET. Such descriptions shall include:

      a. A list of electronic databases, spreadsheets, folders, network drives or other electronic storage space to which each office has access;
      b. A description of the types of records each database, spreadsheet, folder, network drive or other electronic storage space contains;

2

    c.  A description of the organizational structure for each database, spreadsheet, folder, network drive or other electronic storage space;

    d.  A list of physical storage systems, such as filing cabinets, boxes, or other storage system, to which each office has access;

    e.  A description of the types of records each physical storage system contains;

    f.  A description of the organizational structure (e.g. alphabetical, numerical, etc.) for each physical storage system;

    g.  An explanation regarding how each search for responsive records was conducted;

    h.  An explanation as to why certain available file systems were searched and why others were not searched.

3.  Use the search terms "Adams," "William H. Adams." William Adams," "Lieutenant Colonel Adams," "Colonel Adams," as well as "Gutierrez," "Christopher Gutierrez," "Chris Gutierrez," and any other variation of such names, in addition to all previously used search terms.

4.  Use any and all other available search terms not previously used that are necessary to effectuate a search of any file system described in paragraph II.A.2 above in order to locate responsive records. For example, if a file system is only searchable by social security number and not by name, then such system shall be searched using available social security numbers for the individuals identified in the FOIA request.

B.  Repeat the search described in Paragraph 12 of Baines' 1st Declaration, where the DAIG Records Release Office emailed the DAIG Non-Senior Officials and Senior Officials Investigation divisions and the National Guard Bureau IG office for responsive records. In so doing, the defendant shall:

1.  Produce to plaintiff sworn declarations that generally describe the structure of the file system used by the DAIG Non-Senior Officials and Senior Officials Investigation divisions and the National Guard Bureau IG office. Such descriptions shall include:

    a.  A list of electronic databases, spreadsheets, folders, network drives or other electronic storage space to which each office has access;

    b.  A description of the types of records each database, spreadsheet, folder, network drive or other electronic storage space contains;

    c.  A description of the organizational structure for each database, spreadsheet, folder, network drive or other electronic storage space;

    d.  A list of physical storage systems, such as filing cabinets, boxes, or other storage system, to which each office has access;

    e.  A description of the types of records each physical storage system contains;

    f.  A description of the organizational structure (e.g. alphabetical, numerical, etc.) for each physical storage system;

    g.  An explanation regarding how each search for responsive records was conducted;

h.  An explanation as to why certain available file systems were searched and why others were not searched.

2.  Use the search terms "Pilgrim" and "Gilbert" in addition to all previously used search terms.

3.  Use any and all other available search terms not previously used that are necessary to effectuate a search of any file system described in paragraph II.B.1 above in order to locate responsive records. For example, if a file system is only searchable by social security number and not by name, then such system shall be searched using available social security numbers for the individuals identified in the FOIA request.

C.  Repeat the search described in Paragraph 2 of Margaret Baines' 2nd Declaration, dated June 9, 2015, ECF No. 36-4 (hereinafter "Baines' 2nd Declaration"), using the search terms "Adams," "William H. Adams." William Adams," "Lieutenant Colonel Adams," "Colonel Adams," as well as "Gutierrez," "Christopher Gutierrez," "Chris Gutierrez," and any other variation of such names, in addition to all previously used search terms.

D.  Repeat the search described in Paragraph 5 of Barbara Broyles' Declaration, dated August 3, 2016, regarding a search of the investigative case management system. In so doing, defendant shall use the search terms, "Eberg," "Cheryl Eberg," "Pilgrim," "Cheryl Pilgrim," "Gilbert," and "Cheryl Gilbert" and any other variation of such names, in addition to all previously used search terms.

E.  Conduct a search for responsive records within any electronic communications, including .mil email accounts, of the individuals identified in the plaintiff's FOIA request, including:

1.  Lieutenant Colonel William H. Adams
2.  Cheryl Eberg
3.  Christopher Gutierrez
4.  Regina Grant, a retired Lieutenant who served in the CT National Guard's 143rd Combat Service Support Battalion (143rd CSSB) as the Equal Opportunity Representative (EOR)
5.  Any individual known to have been serving as a SARC or SHARP officer at the time or place of the events described in paragraphs 14 through 27 of plaintiff's complaint in this action.

Such search shall include, for each individual listed above, all email folders, including draft, sent, deleted, and archived email folders. The individual who conducts the search shall be provided a copy of the FOIA request. If any email account of any of these individuals is not searchable by the DAIG, then defendant identify the appropriate sub-agency with control of such email account and shall refer the FOIA request to said sub-agency to search for responsive records consistent with this provision.